**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nick P. Maydanis,<br><br>                Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>                Defendant. | No. CV-14-02543-PHX-DGC<br><br>**ORDER** |

Plaintiff has made an application to this Court for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 28. The Commissioner does not oppose this motion. Doc. 28. The Court will grant the motion.

EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1). Courts routinely award attorney's fees under this provision to claimants who successfully challenge the Social Security Administration's denial of Disability Insurance Benefits and Supplemental Security Income. *See, e.g.*, *Tobeler v. Colvin*, 749 F.3d 830 (9th Cir. 2014). Where a successful claimant seeks attorney's fees, "[i]t is the government's burden to show that its position was substantially justified," *id.* at 832, or that special circumstances make an award unjust.

Plaintiff is a "prevailing party" within the meaning of EAJA because the Court reversed the Commissioner's decision and remanded for an award of benefits. Doc. 23. As the Commissioner does not oppose this motion, she has not established that her position was substantially justified or that special circumstances make an award unjust. The Court therefore concludes that Plaintiff is entitled to attorney's fees. The Court further concludes that the fee rate requested by Plaintiff ($7,968.15 for 42 hours of work, or $189.72 per hour) is reasonable and consistent with rates awarded in recent comparable cases.

**IT IS ORDERED** that Plaintiff's motion for attorney's fees (Doc. 26) is **granted**, and Plaintiff shall be awarded $7,968.15 under EAJA.

Dated this 7th day of December, 2015.

_____
David G. Campbell
United States District Judge